BLACKMAN vs. THE STATE OF GEORGIA.

The superior court of Schley county convened on the fourth Monday in September, 1885, and on Tuesday, the grand jury returned an indictment for murder against the defendant. He being then confined in the jail of Sumter county, and being unable to employ counsel, the court announced that he would take up the case on Friday thereafter, and assigned three attorneys to represent the defendant. When the case was called, a continuance was asked, and counsel for defendant showed that they were not prepared to proceed; that the defendant had been brought up for trial from the jail in Sumter county late on Thursday evening, and that they had been unable to confer with him so as to prepare his defence:

*Held*, that the court should have granted a postponement of the case either for the term or to some particular day; and refusal to do so was error.

April 27, 1886.

Criminal Law.   Continuance.   Before Judge FORT. Schley Superior Court.   September Term, 1885.

Reported in the decision.

B. B. HINTON; J. S. McCORKLE; B. H. WILKINSON, for plaintiff in error.

CLIFFORD ANDERSON. attorney general; C. B. HUDSON, solicitor general, by W. A. HAWKINS, for the state.

BLANDFORD, Justice.

Blackman was indicted and found guilty of murder for killing of S. J. Tondee, on the 5th of September, 1885. by the superior court of Schley county, at the September term, 1885. of said court. On Wednesday, the court having convened on the fourth Monday of said month, and the grand jury having returned the bill of indictment on Tuesday before, the accused being unable to employ counsel, and at that time confined in the common jail of Sumter county, the court announced that he would take up the case on Friday thereafter, and assigned as counsel for the

prisoner, B. B. Hinton, J. S. McCorkle and B. H. Wilkinson, Esquires. The counsel asked that the case be continued, and showed that they were not prepared to go on with the case, and that the prisoner had only been brought up for trial from the jail in Sumter county late on Thursday evening before the trial; that they had not been enabled to confer with him so as to prepare his defence. The court refused this motion, and this refusal is assigned as error.

We think that, under the facts of this case, the court should have granted a postponement of the case, either for the term or to some particular day thereafter. The evidence being circumstantial, his counsel should have been allowed a reasonable time to have prepared the prisoner's defence. It is quite manifest to us from the facts that the counsel had not had time allowed to prepare the defence. Article 1, section 1, paragraph 5 of the constitution of this state declares that every person charged with an offense against the laws of this state shall have the privilege and benefit of counsel. This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defence ; it would be a poor boon indeed. This would be " to keep the word of promise to our ear and break it to our hope."

Judgment reversed.