### 3340.  PATTEN v. THE STATE.

Motions for continuance, made at the term at which the indictment is found, while addressed to the discretion of the court, stand upon a different footing from such motions made at a subsequent term. In such cases the discretion of the court should be liberally exercised in favor of a fair trial, no less than that the trial should be speedy, and every facility should be afforded a defendant for presenting his defense as fully as he might be able to do were the case tried at a subsequent term. Reasonable opportunity for the defendant to prepare his defense should not be sacrificed in the interest of speed.

DECIDED NOVEMBER 7, 1911.

Indictment for sale of liquor; from Ware superior court—Judge Parker. February 11, 1911.

*John J. Moore,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.

RUSSELL, J. On December 6th a presentment was returned, charging the defendant with a violation of the prohibition law. Fifteen days later, to wit, December 21st, he was put upon trial. The man to whom it was claimed he had sold the liquor was named Best. The defendant filed a motion for a continuance, in which it was shown that, on the day after the presentment was returned, his attorney had a subpœna issued for Best, and placed it in the hands of the sheriff for service. Two or three days later it was learned that Best had left the county, and was in Savannah. The defendant's attorney immediately had another subpœna issued, which was placed in the hands of the sheriff of Chatham county, who located Best, and requested that $5 be sent for his expenses, stating that Best would leave on the next train after its receipt. The money was sent, and, Best failing to arrive within two or three days thereafter, the defendant's attorney, on December 15th, had an attachment issued for him, but he had not been located. Best was only temporarily absent from the county, and the defendant expected to have him present at the next term of the court. Best would swear that the defendant did not sell him any liquor; that several days before the arrest the defendant made a trip to Jacksonville, Florida, on business, and Best gave him some money with which to purchase a pint of whisky; that the defendant did not in any way get or retain any benefit or profit out of the transaction, and acted purely and simply as the agent of Best in purchasing the whisky at Jacksonville. It was further shown that Best was the

only witness to these facts. These facts were substantially undisputed, except that the State proved that an attachment had been issued from a justice's court against Best, indicating that he was removing permanently from the county.

It will be seen that if the jury should credit Best's testimony, the defendant was entirely innocent. The evidence relied on by the State was circumstantial, and the testimony sought to be elicited from Best presented a theory strongly indicating innocence. As between a speedy and a fair trial, speed should yield to fairness. The defendant was put upon trial just 15 days after he was accused, and we think has been denied his right to have presented to a jury of his peers testimony which was in all probability accessible, and which, if believed, would have shown his innocence. While we recognize that continuances are matters resting largely in the discretion of the trial court, still, at the first term, that discretion should be liberally exercised in favor of a fair trial, and every facility should be afforded the defendant for presenting his defense as fully as he might be able to do were the case tried at a subsequent term. *Brooks* v. *State, 3 Ga. App.* 458 (60 S. E. 211). The interests of justice would not have suffered by giving the defendant the right to have the jury hear the testimony of the only person who really knew whether he was guilty or innocent. The evidence against the defendant is weak, and if his full defense had been heard the result might have been different.

*Judgment reversed.*