## KELLOY *v.* STATE.

1. The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge; and his discretion will not be interfered with by this court, unless abused. No unusual or intricate matter of law or fact appearing, there was no abuse of discretion in overruling the motion for continuance upon the ground of want of time to prepare for trial.

2. On the trial of one indicted for murder a charge to the jury that "malice may be presumed where one unlawfully and intentionally shoots another with a deadly weapon and no motive of anger or provocation appears, whether a motive is proven or not," is not open to the criticism that the same is argumentative and intimates an opinion upon the facts of the case.

3. Where, upon the trial of one indicted for murder, the court charged the jury as follows: "You are exclusively the judges of the evidence. You take the evidence — take the facts and circumstances that appear in proof, if any; take the defendant's statement and give it the weight and credit you determine it to be entitled to, and from the evidence and his statement find the facts of the case, then apply the facts to the rules of law which the court has given you in charge, and make up your verdict and let that verdict speak the truth of the case." the failure of the judge to charge the jury that they were the judges of the law as well as of the facts is not cause for reversal. *Jones* v. *State*, 136 *Ga.* 157 (71 S. E. 6).

4. None of the rulings of the court on the admissibility of evidence furnish ground for new trial. The evidence authorized the verdict.

No. 2352. MAY 13, 1921.

Indictment for murder. Before Judge Searcy. Spalding superior court. November 27, 1920.

*H. A. Allen, I. Leonard Crawford, John R. Cooper,* and *W. O. Cooper Jr.,* for plaintiff in error.

*R. A. Denny,* attorney-general, *E. M. Owen,* solicitor-general, and *Graham Wright,* contra.

GEORGE, J. At the close of the regular August term of the superior court of Spalding county, and during the latter part of the second week in August, 1920, the judge called an adjourned term of the court for Tuesday, September 14, 1920. In the meantime, and on September 10, 1920, one Roy Trexler was killed in

Spalding county. On September 14, 1920, four days after the homicide, the grand jury of Spalding county returned an indictment against J. L. Kelloy, charging him with the murder of Trexler. The case against the accused was assigned for trial, and was tried on the afternoon of Thursday, September 16, 1920, six days after the homicide. The jury returned a verdict of guilty on Friday, September 17, 1920. It appears that the defendant was a non-resident of Spalding county, and that he was merely passing through the county, as the State contended, in company with the deceased, a taxicab driver, at the time of the homicide. The defendant was arrested in Macon, approximately sixty miles south of Griffin, the county seat of Spalding county, on September 11, 1920, the day following the homicide. He was confined in the Bibb county jail until the morning of his trial, but the accused had engaged counsel on Monday September 13, 1920, the day before the return of the indictment against him. Certain of his counsel lived in Atlanta, and certain of them in Macon. Prior to the return of the indictment, and by direction of the court, a member of the local bar went to Macon to confer with the accused and to advise the accused that in the event he was indicted his case would be in order for trial at the adjourned term of court, and to ascertain from the accused whether or not he had succeeded in employing counsel and whether or not he desired witnesses subpoenaed. The court was advised that the accused had employed counsel, and the solicitor-general, by direction of the court, immediately advised counsel that the case against the accused would be called for trial on Thursday, September 16. On the call of the case for trial, the accused made a motion for continuance. In his motion he stated that he had not had time to obtain his witnesses, and that he desired the presence at his trial of certain of his relatives, all of whom resided outside of the State. The principal ground upon which the accused based his motion for continuance was, however, that he and his counsel had not had sufficient time since the commission of the homicide and since the finding of the bill of indictment to prepare for trial. On the hearing it appeared that no list of witnesses had been furnished to the clerk, no witnesses subpoenaed by the accused, and that the accused had no absent witness so far as he or his counsel were then advised. It was not stated that he expected to obtain wit-

nesses, or that he expected to make proof of any particular fact or circumstance material to his defense, by any person, so far as he then knew, if a continuance of the case should be granted. No theory of defense was suggested to the court, requiring further or special preparation by counsel. The motion for continuance was overruled; but the court in overruling the motion stated that "if, during the progress of the trial, it develops that any witnesses wanted by the defendant are not present, I will suspend the trial to procure their attendance." The trial of the case then proceeded, and there was no subsequent request for a postponement or continuance, or suggestion made to the court that the presence of any witness was desired. There is nothing peculiar about the facts of the case, as disclosed by the record. It is true that the evidence upon which the state relied for conviction is in the main, if not wholly, circumstantial. But no unusual or intricate matter of fact or of law is involved. "It must be left to the sound discretion of the trial judge to determine what time should be allowed counsel to prepare for trial; and such discretion will not be interfered with by this court, unless abused." *Charlon* v. *State*, 106 *Ga.* 400, 401 (32 S. E. 347), and cases there cited. While undue haste in the administration of the criminal law is quite as much to be condemned as unnecessary delay, the facts of this record do not authorize this court to say that the trial judge.abused his discretion in overruling the motion for continuance.

The rulings made in headnotes 2, 3, and 4 do not require discussion.          *Judgment affirmed. All the Justices concur.*