## GORE *v.* THE STATE.

1. Motions for continuance are addressed to the sound discretion of the court, and a refusal will not be disturbed unless it appears that there has been an abuse of discretion vested in the court by law; and such does not appear to be the case here.

2. The court did not err in admitting evidence of threats made by the accused prior to the date of the homicide, though the accused in uttering the threats did not expressly name the decedent; for it was inferable from all that he said in the conversation in the course of

which the threat was made that the decedent was the person at whom the threat was directed.

3. Statements made to a witness, in which the accused admitted that he killed the decedent, and in which he also stated the cause of the killing, were admissible in evidence after the defendant had concluded his statement, though not in rebuttal to what was there stated. The admission of the evidence was in the discretion of the court.

4. There was no error in overruling the ground of the motion based upon alleged bias and prejudice upon the part of one of the jurors, which was unknown to the accused and his counsel at the time of the trial. Movant relied upon evidence of remarks made by the juror prior to the trial, to show bias and prejudice; but the affidavits to show this were contradicted by the juror himself. This made an issue of fact for decision by the trial judge, and he decided it adversely to the movant.

5. Relationship of a juror to the accused, though unknown to the latter until after the trial, is not ground for the grant of a new trial.

6. The court did not err in charging the jury in substance that while threats, menaces, contemptuous gestures, etc., do not justify the killing of a human being, where there is no other provocation, still the jury might consider threats, menaces, etc., if proved, in passing upon the question as to whether or not the defendant acted under the fears of a reasonable man, and in good faith, that his life was in danger or that a felony was about to be committed upon him.

No. 3473. MAY 21, 1923.

Indictment for murder. Before Judge Roop. Heard superior court. October 26, 1922.

*A. J. Andrews, Boykin & Boykin,* and *Smith & Millican,* for plaintiff in error.

*George M. Napier, attorney-general, William Y. Atkinson, solicitor-general, Seward M. Smith, assistant attorney-general,* and *M. U. Mooty,* contra.

BECK, P. J. Joe Gore was tried upon an indictment charging him with the murder of J. H. Wynens, it being alleged in the indictment that the accused did feloniously kill the decedent by shooting him with a pistol. The defendant pleaded not guilty, and the jury trying the case returned a verdict of guilty, and the defendant was sentenced to be hanged. He made a motion for a new trial, which contained the usual general grounds that the verdict was contrary to the evidence, contrary to law, etc. He subsequently filed an amendment consisting of several grounds. The court overruled the motion, and the accused excepted.

1. The first ground of the amendment to the motion for a new trial assigns error upon the ruling of the court refusing a con-

tinuance or postponement of the case. This ground is in part as
follows: "Because on the trial of said case, and during the trial
of the same and at the call of the same, the court refused to grant
a continuance of the said case from Friday afternoon until Mon-
day morning, upon the statement of counsel as follows: Mr.
Smith: I want to state this: I was just appointed in this case
yesterday afternoon, and have not had time to prepare the case
sufficiently to go to trial; and we would like to have until Monday
morning to get ready to try the case. Yesterday afternoon we
went down to confer with the defendant, and we had not got
started before I had to come back to court. Then I went to talk to
him after court. We have not had time to talk to any of the wit-
nesses." When counsel finished his statement the court said:
"I will give you time to talk with them. If there is any reason
why it should be postponed I will hear from you on that;" to
which counsel replied, "I do not know except by general in-
formation what he will testify to. We have not been able to see
him;" and then added, in reply to a question by the court if that
was all of the showing, "That is all the showing we have." There
was no error in overruling the motion based upon this ground as
set forth in the motion for a new trial. It is set forth here in
its entirety. It is insisted that the court's failure to grant a post-
ponement of the case until the following Monday was prejudicial
to the accused, because his counsel had not sufficient time to go in-
to the case and prepare the same for trial. It is not shown
that when the case was called for trial subsequently to this motion
counsel for the accused made any further request for a postpone-
ment; though the court had stated that after he had talked with
the witnesses, if it should appear that there was reason for further
postponement he would hear from counsel upon that subject. At-
tached to the record is the entire evidence submitted on the
showing for a continuance, but it is apparent from the motion
that the motion itself was based upon the ground set forth therein;
and in passing upon the question of whether the court erred in
not postponing the trial we consider the showing, that is, the
statement of counsel, upon which movant bases the contention that
the court erred in refusing the postponement. Upon examination,
however, of all the evidence in regard to the question of con-
tinuance, it appears that a postponement of the trial was also

based on the ground of the absence of a witness; but the judge states in a note that the absent witness was brought into court before the conclusion of the evidence. There is nothing appearing in the motion for a continuance to take the case out of the general rule that the judgment of the court below refusing a continuance or postponement of a trial will not be disturbed unless the wide discretion which the judge has in regard to such matters be abused; and it is not shown that there was such an abuse of discretion here. *Charlon* v. *State,* 106 *Ga.* 400 (32 S. E. 347); *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488); *Walton* v. *State,* 79 *Ga.* 446 (5 S. E. 203).

2. The court, over objection, permitted a witness for the State to testify as follows: "He [the accused] didn't say who that was. He said he was going to kill a man and go to the grave and see his dam toes stick up. That was in the same conversation at the same time he was talking about Wynens." The objection urged to this testimony was that it did not show a threat made towards the deceased. Wynens was the name of the deceased; the accused was talking about Wynens; and that being true, the jury could infer from the connection in which the accused made the threat that he had the decedent in mind.

3-5. The rulings made in headnotes three, four, and five require no elaboration.

6. Error is assigned upon the following charge of the court: "Now, gentlemen, the law says that provocation by words, threats, menaces or contemptuous gestures shall in no case be sufficient to justify the killing. Now, while this is true, that words, threats, menaces, or contemptuous gestures do not justify the killing, where there is no other provocation except words, threats, menaces, or contemptuous gestures, still you may consider, gentlemen, any words, threats, menaces, or contemptuous gestures, all of them or either, if the evidence shows any, in passing upon the question as to whether or not the defendant acted under the fears of a reasonable man, and in good faith, that his life was in danger, or that a felony was about to be committed upon him." If the court had merely charged that "provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to justify the killing," it might have been, under the ruling in the case of *Cumming* v. *State,* 99 *Ga.* 662 (27 S. E. 177), open to criticism

as a part of the charge upon the subject of justifiable homicide. As the statement of a general principle it is true that such provocation as that indicated does not justify a killing; but when threats, menaces, or contemptuous gestures are of such a character and made under such circumstances as to excite the fears of a reasonable man that his life is in jeopardy or that a felony is about to be committed upon him, and under the influence of such a fear one slays a person uttering such threats or making such menaces as to justify the fear, the slaying would be justifiable homicide. And such is the doctrine laid down in the *Cumming* case, supra, which is relied upon very largely by counsel to show error in the charge just quoted. In the *Cumming* case it was said: "It is complained that the court erred in charging that 'a fear growing out of and only supported by mere words, threats, menaces, or contemptuous gestures is not the fear which would justify or excuse another for committing a homicide.' The things here mentioned, it is true, will not avail the person killing, when, in order to reduce the homicide to voluntary manslaughter, he sets up that the killing was done in the excitement of passion and because of provocation; for the Penal Code, in dealing with this defense (§ 65), declares that 'provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder.' But it is not the law that none of these things shall be sufficient to produce such a fear as will justify a killing. The question of what is sufficient to reduce the grade of the crime where a killing is prompted by passion is one thing, and the question of what is sufficient to excite the fears of a reasonable man that a felony is about to be committed upon him is another and very different thing. The Penal Code (§ 71) declares that 'A bare fear of any of those offenses to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. It must appear that the circumstances were sufficient to excite the fears of a reasonable man;' but it does not undertake to define what circumstances shall or shall not be sufficient to excite such fear." The charge as given in the instant case which we are now considering is not in conflict with what is said in the *Cumming* case, because the court, while stating that it is true that threats, menaces, etc., do not justify a killing, where there is no other provocation, expressly

stated to the jury that " still you may consider any words, threats, menaces, or contemptuous gestures, all of them or either, if the evidence shows any, in passing upon the question as to whether or not the defendant acted under the fears of a reasonable man, and in good faith, that his life was in danger, or that a felony was about to be committed upon him." And we assume that in some other part of the charge the jury were instructed that if the defendant acted under the fears of a reasonable man that his life was in danger, or that a felony was about to be committed upon him, and the circumstances were such as to justify the existence of those fears, etc., and he fired the fatal shot under the influence of the fears, a verdict of not guilty should be rendered. We say that we assume that this charge, usual in cases where the defendant claims to have acted under the influence of fear that his life was in jeopardy, was given; for it is not complained that the court did not give that charge in substance. We conclude that, the charge last complained of was not error. And having held that the other grounds of the motion do not require the grant of a new trial, the judgment of the court below is affirmed.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., dissenting.*

RUSSELL, C. J. It appears from the record that the accused was put on trial for his life on Saturday, the last day of a week's court in Heard county, and lost it.

He excepts to being hung on several grounds, which are adverted to in the opinion of the majority. I shall refer to only one of them; for since my colleagues will not grant the plaintiff in error a new trial because they find no error to warrant the grant, and I alone can not give him one even though I think him entitled thereto by law, I content myself with the expression of my fixed opinion and conviction as to the ruling upon the request for a postponement, which is the first ground of complaint in the amended motion for a new trial.

It is a well-settled rule that where a continuance is erroneously refused when as a matter of law it should have been granted, all subsequent proceedings in the trial are nugatory and void. From this rule it naturally follows that I may be considered as legally absent and not participating in the rulings of the majority upon the other grounds of the amended motion for a new trial.

From a somewhat extended judicial experience I am familiar with the general rule that to the effect that all motions for a continuance are addressed to the sound discretion of the trial judge; but for a long time the bench as well as the bar have recognized that, in the variety of circumstances which may vary indefinitely in the multitude of cases submitted for adjudication, this discretion may be abused, as I think it has been in the present capital case. And I say this with the utmost respect for the able and worthy trial judge who presided in the trial court, and whose sterling qualities both as a man and as a judge I greatly admire.

The term " discretion " is affected by so many personal elements as well as surrounding extraneous circumstances that it can not be defined with absolute exactness, and I have found that attempts to define what is meant by legal discretion are extremely numerous. From observation and experience I have found that the personal equation is a large elementary factor, and that sometimes a desire to enforce a constitutional provision with relation to speedy trials is given undue consideration.

This defendant was tried at the same term of court at which he was indicted. He was unable to employ a lawyer, and his counsel were appointed by the court on Friday after the return of the indictment on Tuesday. On account of other engagements in the court the appointed counsel had no opportunity even to talk to the defendant until after the adjournment of court on Friday, and when the case was called for trial on Saturday morning they had not had the opportunity to see any witness for the defendant.

A continuance of the case was not asked. The defendant asked for a postponement of the case from Saturday until Monday morning, to afford him time for the preparation of the case. Ever since the commission of the alleged offense the defendant had been confined in jail.

Some point is made in the opinion of the majority on the fact that after the court had given counsel a short time to confer with witnesses summoned in behalf of the defendant no additional showing was made by the defendant before entering on his trial, although the court had stated in substance that he would hear an additional showing for a postponement if counsel desired one after investigating their prospective testimony and interviewing the wit-

nesses. I see no force in this, nor that this circumstance affects in any way the merit of the showing as made and as it is to be found in the record. In overruling the motion for a postponement it is true that the judge did say that he would hear and consider an additional showing, and the ruling contained a most powerful negative pregnant that something new or additional would have to be presented or his ruling would not be changed. There is no inference prejudicial to the defendant arising from this offer of the court and the omission of defendant's counsel to make another showing. The only inference that can be drawn is that the defendant had nothing further to present, for the reason that he had not found any material upon which to base any other ground of his motion for a postponement. If counsel had nothing more to add, a repetition of the showing already made would have been merely a useless consumption of time, if not an act in contempt of the court, which had already ruled that the showing as already made was insufficient.

As I have just said, even the most conscientious exercise of discretion is largely affected by the individual view of those charged with the duty of its exercise; and the fact that judges of the Supreme Court, in exercising the right of review, must necessarily have power to criticise and upset the rulings of lower courts does not shut my eyes to the fact that he may have been right and I may be wrong. However, in my opinion, supported as I think by many decisions of this court, my good brother of the trial bench misused, and thereby legally abused his discretion under the facts disclosed by the record now before me, and the fact that silence would mean assent in the views of my learned associates compels me to speak and dissent.

My views upon this subject have been fully expressed in *Brooks v. State,* 3 *Ga. App.* 458 (60 S. E. 211), *Haines v. State,* 8 *Ga. App.* 627 (70 S. E. 84), *Patten v. State,* 10 *Ga. App.* 20 (72 S. E. 521), and several other cases which were maturely considered: Among the authorities in this court which formed the basis and created the opinion which I entertain are *Jones v. State,* 65 *Ga.* 506; *Jackson v. State,* 88 *Ga.* 784 (15 S. E. 677); *McArver v. State,* 114 *Ga.* 514 (40 S. E. 779); *Reliford v. State,* 140 *Ga.* 777 (79 S. E. 1128).

All through our decisions a distinction between a postpone-

ment asked at the first term, the term at which the indictment is found, and one requested where the indictment has been found at a previous term at which the request is made, is noted, and the reason for this distinction is plain. This difference, to which especial attention is called in the *Brooks* case, supra, I think has been overlooked by my brethren.

I am authorized by Mr. Justice Atkinson to say that he concurs in this dissent.