### WATERS *v.* THE STATE.

1. An assignment of error upon a refusal to change the venue in a criminal case must be by direct and timely exception; not by way of motion for new trial.
2. General and vague assignments of error on the entire charge to the jury raise no question for decision.
3. Complaints of admission of documentary evidence, not stating what objections were presented and ruled on, present no question for determination.
4. No abuse of discretion appears in not affording a continuance or postponement of the trial.
5. Where evidence was admissible to show motive for a homicide, the fact that the solicitor-general, in his opening statement to the jury, said that the State proposed to introduce such evidence did not furnish a ground for declaring a mistrial.
6. No abuse of discretion appears in refusing to declare a mistrial on the

ground that one of the jurors serving was not fair and impartial, by reason of an alleged prior expression of opinion as to the guilt of the accused.

7. That some of the jurors were permitted to leave the court-room, attended by a bailiff, while the others remained in the court-house in charge of an officer, counsel for the accused consenting, was not illegal.

8. Laughter in the court-room at the answer by a witness to a question by counsel, followed by a mild admonition by the presiding judge, was no cause for a new trial.

9. The evidence supported the verdict.

No. 4254. June 16, 1924.

Murder. Before Judge Highsmith. Jeff Davis superior court. March 8, 1924.

*William B. Kent,* for plaintiff in error.

*George M. Napier, attorney-general, Alvin V. Sellers, solicitor-general, T. R. Gress, assistant attorney-general, S. D. Dell,* and *W. F. Grey,* contra.

Hines, J. The defendant was indicted, on January 14, 1924, for the murder of T. J. Kersey on December 9, 1923. On the day the indictment was returned his case was called for trial, and on that day the trial began, continuing until January 17, when the jury returned a verdict of guilty, without a recommendation; and the defendant was sentenced to be hanged. The defendant moved for a new trial on the general grounds, and afterwards amended his motion. The court overruled the motion, and to this judgment the defendant excepts.

1. The defendant petitioned the trial judge for a change of venue, on the ground that he feared mob violence and that he could not get a fair and impartial trial. He complains that the court erred in refusing to order a change of venue. An assignment of error to the overruling of a motion to change the venue cannot be made in a motion for new trial, but should be laid in exceptions duly made. *Williford* v. *State,* 121 *Ga.* 173 (48 S. E. 962); *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 840). The assignment of error in the bill of exceptions, based on this ground, cannot avail the defendant, as it was too late to complain thereof at the time the bill of exceptions was certified.

2. The second special ground of the motion for new trial complains of the entire charge of the court, on the grounds (1) that it failed to submit all the issues of the case as they developed on the trial; (2) that it took away from the defendant his right of

defending his home from invasion and illegal arrest by a man who came into his home without any law or right; (3) that it failed to show that when one's home is illegally invaded he has a right to defend his home, "and can kill and murder a person who invades his home without legal authority;" (4) it failed to instruct the jury that if the defendant really thought he was acting in defense of his home, he had a right to use such force as was necessary to prevent the invasion and prevent an illegal arrest. These assignments of error are too vague and general to raise any question for decision by this court.. *Bond* v. *Sullivan,* 133 *Ga.* 160 (6) (65 S. E. 376, 134 Am. St. R. 199).

3. In the third, fourth, fifth, and tenth grounds of the motion the defendant complains of the admission of certain documentary evidence. In the first two of these grounds it is not alleged that the evidence was objected to; and for this reason they furnish no reason for the grant of a new trial. *Perdue* v. *Young,* 154 *Ga.* 220 (113 S. E. 801). In the fifth ground the defendant complains of the admission of certain documentary evidence "over his objections." In the tenth, the defendant complains of the admission of certain documentary evidence "over his protest." The objections and ground of protest are not stated. For this reason no question is presented for determination by this court. *Langston* v. *State,* 153 *Ga.* 127 (111 S. E. 561).

4. In the sixth ground of the motion the defendant alleges that the court erred in not declaring a mistrial, and in not continuing the case. What occurred was this: Counsel for the defendant said: "I have just been employed in the case and have been as active as possible since that time, but I have not had an opportunity to confer with the witnesses. I have just learned of some important evidence that I want to get." The court replied: "We will get the jury this afternoon, and then suspend and give you opportunity to confer with your witnesses. We will not put in any evidence this afternoon." This ground further recites: "The court went on with the said trial immediately, and movant contends . . refused and failed to give the said defendant and his counsel time to prepare the case, said defendant having been in jail in Macon all of the time till just a few hours before the beginning of the said trial, and then was rushed into the said trial without any time for preparation." After the court suggested that, after get-

ting the jury, he would give counsel for defendant an opportunity to confer with defendant's witnesses, counsel for defendant did not state or urge that this was not a sufficient opportunity to confer with his witnesses, and did not state what the important evidence was which he wished to get, and did not then ask for any further postponement of the case. Under these circumstances we cannot say that the trial judge abused his discretion in refusing a continuance or postponement, especially as counsel did not move for a continuance or postponement, and did not ask for a postponement for any given time, and it not appearing that the defendant was deprived of any material evidence which would have been of benefit to him. *Kelloy* v. *State,* 151 *Ga.* 551 (107 S. E. 488) ; *Gore* v. *State,* 155 *Ga.* 642 (118 S. E. 40).

5. In the seventh ground the defendant complains that the court erred in not declaring a mistrial, for which he moved on the ground that the solicitor-general, in his opening statement to the jury, said that the defendant "was a violator of the law, that he was a criminal," and that this statement was inflammatory and prejudicial to his case. It appears from the recital of facts in this ground that the solicitor-general, in outlining to the jury the case which the State would undertake to establish, stated that the defendant had been indicted and convicted for an offense prior to that time, and that the deceased, at the time of the homicide, was probation officer for the defendant, and that the defendant was violating the law at the time the probation officer went to defendant's home when the probation officer was killed. The theory and contention of the State were, that the defendant had been convicted of a violation of the prohibition law; that he had been sentenced to pay a fine and to serve a term in the chaingang; that under the sentence the defendant, upon payment of the fine, was permitted to serve the chain-gang part of the sentence on probation, outside of the chain-gang, in accordance with the probation law; that the deceased was appointed defendant's probation officer; that on Saturday night, before the homicide on the next day, the defendant said that if the deceased ever went to search his house again he was going to kill him; that at the time of the homicide the deceased had a warrant authorizing him to search the premises of defendant; that the defendant at that time was violating the prohibition law; and that he killed deceased be-

33

cause of his effort to enforce this law. Such evidence was admissible for the purpose of showing the motive which actuated the defendant in killing the deceased. *Coart* v. *State,* 156 *Ga.* 536 (119 S. E. 723). Such evidence being admissible for this purpose, and being afterwards introduced, the statement of the solicitor-general that the State proposed to introduce such evidence did not furnish a ground for a mistrial.

6. In the eighth ground the defendant complains of the refusal of the court to declare a mistrial. The motion for this purpose was made during the progress of the case, and was based on the fact that M. L. Harrison, a juror serving on the case, was not a fair and impartial juror, by reason of his prior expression of opinion as to the guilt of the defendant. In support of this motion one McDonald testified, that he knew this juror; that he heard him talking about this case the week before; that he was talking mighty hard about the defendant, but witness could not recall his exact words, but he was bitter against the defendant; that the Monday morning preceding was one time when he heard the juror talking about the defendant, which took place while Willie Mattox was cutting his hair; that the only thing he could recall was the juror left the impression on his mind that he was pretty hard against the defendant. Willie Mattox, who was sworn by defendant in support of his motion for mistrial, testified that he had never heard any conversation between McDonald and the juror Harrison as to Warren Waters; that he did not recall having heard the juror make any statement; that there may have been something said, but he did not recall the same, and he supposed he would have remembered it if the juror said that he would hang Waters, that it seemed that he heard the juror make some remarks, but what they were he did not recollect; that he did not recall that the juror said anything that would be termed bitter or hard against the defendant; and that he did not cut the hair of the juror on the preceding Monday morning, but on that night. There is in the bill of exceptions an affidavit by this juror, made after the trial and introduced on the hearing of the motion for new trial, in which he denied the statements made by the witness, McDonald, and deposed that he had never at any time made any remarks against the defendant, that he was a fair and impartial juror, that he had nothing against the defendant and tried said case and

reached a verdict finding him guilty solely on the evidence and in accordance with the law of the case. We cannot say that the trial judge abused his discretion in refusing to declare a mistrial on account of the incompetency of this juror to try the case.

7. In another ground the defendant complains that some of the jurors trying the case were permitted by the court to leave the court-room and go to the toilet, attended by a bailiff, while the rest of the jurors remained in the court-house in charge of an officer. Counsel for the defendant stated that he had no objection to this proceeding. With or without the consent of counsel for the defendant, this procedure was not illegal, and does not require the grant of a new trial. Especially is this so when counsel for the defendant consented thereto.

8. In the ninth ground the defendant complains of the refusal of the court to grant a mistrial in the case. The motion for mistrial was based upon the following occurrence: On the cross-examination of a witness for the State by counsel for the defendant, the witness was asked if the defendant had not said that he killed the deceased to save his own life. The witness replied that he did not recall hearing the defendant make this statement. The question being repeated, the witness answered: "No, I won't say it." Thereupon there was some laughter in the court-room. Thereupon counsel for the defendant moved for a mistrial. The court refused to declare a mistrial, and admonished the audience as follows: "The audience laughed in response to the answer of the witness. I will ask the people in the court-room to observe perfect order, and avoid laughing so loud at these responses of the witness." We do not think the refusal of the court to declare a mistrial requires the grant of a new trial. While the admonition of the court to the audience was mild, and while the court should have instructed the jury not to pay any attention to such laughter, we do not think that the fact that persons in the audience laughed at the response made by a witness for the State, in reply to the question propounded on his cross-examination by counsel for the defendant, was of such a nature as to require the grant of a new trial.

9. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*