## SHEPPARD v. THE STATE.

1. Except under extraordinary circumstances in which counsel appointed to defend one on trial for his life are already thoroughly familiar with the facts and circumstances of the case, it may be stated as a general rule, essential to the preservation of the constitutional guaranty of benefit of counsel, that counsel appointed to defend one accused of a capital offense, upon their request for a postponement in order to prepare a defense, are entitled to at least as much as one entire day for the preparation of the defense of the accused, even though the request for postponement be not based upon the absence of witnesses, and even though there be in fact no witnesses absent.

2. In the case sub judice, the accused being unable to procure counsel, two attorneys were appointed by the court to defend him, and these appointed counsel requested the court to postpone the trial "so as to have time within which to look into said case and to prepare a defense for the defendant, but the court overruled said motion for continuance and ordered the case to go to trial and immediately proceeded to impanel a jury." It appears from the order of the trial judge overruling the defendant's motion for a new trial that the court recessed on March 9, 1927 (on which day counsel were appointed), at one o'clock, p. m., after striking the jury, and the court "allowed counsel until 9 o'clock next morning to subpœna any witnesses they might deem necessary, placing bailiffs at their disposal for that purpose," and that it did not appear the following morning that any material witness was absent, "and it not appearing now that any material witness was absent at said trial," the judge overruled the motion for a new trial. Under the circumstances, the failure of the court to grant a postponment as requested was not a sound exercise of discretion, and the trial judge erred in overruling the motion for a new trial, based upon exceptions to the refusal of the judge to grant a postponement of the trial.

No. 6023. JANUARY 11, 1928.

Murder. Before Judge Humphries. Fulton superior court. April 23, 1927.

On February 22, 1927, an indictment against R. H. Sheppard was returned, alleging that on February 19, 1927, he did kill and murder Homer Fowler by striking, hitting, and beating said Fowler with an ax. The case was called for trial on March 9, 1927. The State announced ready for trial; the defendant appeared without representation; whereupon the court appointed C. J. Graham and W. B. Knight as counsel for him. The counsel moved for a continuance in order that they might have time to "look into said case and prepare a defense for the defendant, but the court overruled said motion for a continuance, and ordered

Criminal Law, 16 C. J. p. 451, n. 91; p. 484, n. 21; p. 1129, n. 68; 17 C. J. p. 236, n. 92.

the case to go to trial, and immediately proceeded to impanel a jury; and on the following morning the State introduced evidence, but the defendant introduced no evidence, with the exception of his own statement, not under oath." The quotation is from the bill of exceptions. The jury returned a verdict finding the defendant guilty of murder, without recommendation. He moved for a new trial upon the usual general grounds, and by amendment added two grounds complaining that the court erred in not granting, upon motion, sufficient time to allow counsel to consult with the defendant and ascertain the material witnesses necessary for his defense, if any, and in ordering counsel to proceed immediately with the trial, allowing defendant "only time from the adjournment of the court late in the afternoon until early the next morning within which to prepare a defense." The judge passed an order as follows: "The motion for new trial, as amended, coming on for a hearing, and it appearing (with reference to the amended grounds) that court recessed on March 9, 1927, at one o'clock p. m., after striking the jury in said case, and allowed counsel until 9 o'clock next morning to subpœna any witnesses they might deem necessary, placing bailiffs at their disposal for that purpose, and it not having appeared the following morning that any material witness was absent, and it not appearing now that any material witness was absent at said trial, and it appearing that the evidence was amply sufficient to support the verdict rendered, the motion for new trial is hereby overruled." The defendant excepted.

The evidence in behalf of the State was to the effect that the defendant and Roy Fowler came with Homer Fowler, the deceased, to a three-room house on Marietta Street, in Atlanta, on the afternoon of the day the deceased was assaulted; that they stood around the fire in the house for a few minutes, and then went out into the back yard of the house, where they stayed for about thirty minutes and then returned to the house. The defendant asked Homer Fowler to lend him $3, but Fowler "just grunted" and did not reply. The three men then went into the middle room, and left the two women occupants of the house in the front room with a man who had come to the house since the arrival of the defendant and Homer Fowler. After a few minutes of conversation between the men in the middle room, the subject of which is

not disclosed, Sheppard, the defendant, picked up an ax from the corner of the room, ran one man out of the house, and then declared that he was going to kill the —— damn son of a—— and struck Homer Fowler a blow on the side of the head, knocking him to the floor unconscious. The defendant then ran out of the house, but immediately returned and again struck Fowler with the ax. There was no difficulty prior to the striking of the blow, and Fowler made no attempt to attack the defendant, but "was standing up at the window; he didn't have anything in his hands; he wasn't doing anything or trying to hurt anybody; he was just standing up there, drunk." Homer Fowler had been seen with a large roll of money the afternoon and night of the day before the homicide occurred, but had none in his pockets when searched after the assault. Immediately after the defendant left the house where Fowler was struck he endeavored to engage some one to drive him to Marietta, twenty miles distant, and displayed a large sum of money. He was arrested before he could get away. He vigorously resisted arrest, being finally subdued and arrested by the combined efforts of four policemen.

In his statement the defendant said that on the afternoon of the homicide he was in the house, lying on the bed, when Fowler came in and declared that he wanted "to cut his —— damn head off." That he raised up and told Fowler he was taking in too much territory, and walked over towards him, and when he did so Fowler struck him with a blackjack and knocked three of his teeth out; that he nearly knocked defendant down, but he caught on the wall; that Fowler then came at him with a knife, but he knocked him off and hit Fowler and knocked his head up against the jamb of the chimney. He knew nothing about any ax. His statement as to the circumstances of the assault were directly contradicted by the State's witnesses introduced in rebuttal. The physician who examined Fowler when he was brought to the hospital testified that Fowler was unconscious, breathing very heavily, and suffering from a fractured skull and both cheek bones caved in; that his face was considerably bruised and bloody all over; and that from the nature and extent of the injuries it was the opinion of witness that the wound could not have been inflicted by a bare fist.

*W. B. Knight* and *Charles J. Graham,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, E. A. Stephens,* and *J. W. LeCraw,* contra.

RUSSELL, C. J. "All applications for continuances are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused, as the ends of justice may require." The same rule of discretion as is applicable in cases of continuances undoubtedly likewise applies where there is no motion for a continuance but merely a request for postponement. We think the very able and learned judge who presided in the trial of this case erred in treating the request or motion made by counsel for the accused as if it had been a motion for a continuance, in which the law requires a strict showing of specific facts as detailed in several of the code sections upon the subject of continuances. It is true that in the order of the court it is referred to as a request for a postponement, and we so construe the request which was presented in the instant case; but at the time the court passed upon the request the question of providing the accused with all witnesses necessary for his defense was apparently uppermost in the mind of the court, and he went even further than did the trial judge in the case of *Kelloy* v. *State,* 151 *Ga.* 551, 552 (107 S. E. 488), by tendering to the counsel for the accused all necessary force to bring into court any witnesses they might desire. In the order of the court it is further said that it did not appear the next morning when the trial was to be had that any witnesses were absent, nor had it been made to appear on the hearing of the motion for a new trial that there were any witnesses who were absent. While the law, in considering the exercise of the court's discretion as to a requested postponement where a continuance is not asked, can not fix any definite time which should be allowed by the court upon a request of appointed counsel for time in which to prepare a defense, we are of the opinion that under the facts of this record counsel should have been given at least one entire day for the purpose. It is inferable from the record that the accused was a stranger to the counsel who were appointed to defend him. Assuming, without deciding, that the evidence for the State presented an outrageous murder, and that the defendant could have secured no witnesses, still there would have been imposed upon the counsel appointed by the court the

duty (which be it said the profession has always performed with the utmost fidelity) of defending this court-imposed client to the utmost of their ability. It might be that more time for preparation and conference with some of the State's witnesses would have adduced facts tending to prove that the defendant was not of sound mind. But if counsel, after having time for an examination of the case, were impelled by duty to admit the guilt of the accused, they would still have the right to plead with the jury (for any reason which might appeal to them) to save the accused from the electric chair and instead commit him to the penitentiary for life.

Benefit of counsel either means something or it means nothing. To promise the benefit of counsel and then render the service ineffective is, as Judge Blandford once remarked, "to keep the word of promise to the ear and break it to our hope." The intense strain involved in the responsibility of defending one whose life is at stake is such as can scarcely be described in words; and altogether aside from inquiry into the facts of the case and legitimate inquiry so far as possible into the character of the jurors, as much time and thought are required to consider and determine what course of action shall be pursued in defending one whose life is at stake as in important civil cases where many thousands of dollars are involved. "Peremptorily forcing one indicted for a criminal offense to trial immediately after the appointment of counsel (who was not familiar with the the case) to defend him, without giving to such counsel an opportunity to make an investigation of the case or prepare for the defense, is, although no other ground for a postponement or continuance of the case be urged, cause for a new trial." *McArver* v. *State,* 114 *Ga.* 514 (40 S. E. 779). In that case the facts were not identical with those involved in the case under consideration; but it was held that it was the duty of the judge to grant a postponement to enable the counsel to look into and prepare the defense, and the judgment of the trial court was reversed solely upon the error of refusing to grant the motion to postpone the trial of the case. In delivering the opinion Mr. Justice Little said: "The Penal Code, § 8, declares that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. It is a very sacred and important right which is guaranteed not

only by our statute but also by our organic law. In several cases this court has ruled that the trial judge committed no error in forcing a defendant to trial soon after the appointment of counsel; but the rulings in these cases were held to be proper by this court because of the facts and circumstances of each particular case. However, no ruling has yet been made which impairs the force of the constitutional provision to which we have referred. In the case of *Blackman* v. *State*, 76 *Ga.* 288, it appeared that on Tuesday after the assembling of court in Schley County the grand jury indicted a person for murder. He was at that time confined in jail in Sumter County, and was unable to employ counsel; and on that day the judge announced that he would take up the case on Friday thereafter, and assigned attorneys to represent the defendant. When the case was called, counsel for the defendant asked for a continuance, and showed that they were not prepared to proceed, that the defendant had been brought up for trial from Sumter County late on Thursday evening, and that they had been unable to confer with him so as to prepare for his defense. The motion was overruled; and this court held, under the facts, that the trial judge should have granted a postponement of the case either for the term or to some particular day, and that a refusal to do so was error. In delivering the opinion of the court in that case Mr. Justice Blandford said: 'Article 1, section 1, paragraph 5, of the constitution of this State, declares that every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel. This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defense; it would be a poor boon indeed.' . . In the present case the defendant had been in jail for two months previous to his trial."

In *Reliford* v. *State*, 140 *Ga.* 777 (79 S. E. 1128), the judgment of the trial court was reversed upon the sole ground that the judge abused his discretion in refusing to postpone the trial of the case. In the course of the opinion it was said by Mr. Chief Justice Fish: "It is declared in our bill of rights (Civil Code, § 6361) that 'Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel.' This constitutional guaranty of 'benefit of counsel' means something more than the mere appointment by the court of coun-

30

sel to represent the accused. He is entitled to a reasonable time for preparation by such counsel to properly represent him on the trial." The principles above announced have been recognized in *Harris* v. *State,* 119 *Ga.* 114 (45 S. E. 973); *Jones* v. *State,* 65 *Ga.* 506; *Cummings* v. *State,* 151 *Ga.* 593 (107 S. E. 771). In the *Cummings* case, the judgment was reversed on account of the error in refusing to postpone the case in order to enable the attorneys for the defendant to make preparation for a proper defense for their clients. In the course of the opinion Mr. Justice Beck stated: "Counsel, under the facts stated in their motion, did not have sufficient time to make proper preparation for the trial. . . In so far as the case is based upon a want of time to make preparation for the trial of the case, it stands upon a different footing. It is true that the witnesses who had been actually subpœnaed by the defendant had come into court, but the uncontradicted evidence, shown by the undisputed statement of counsel and the other facts in the case, shows that counsel needed further time to talk with the witnesses, to ascertain the facts and circumstances surrounding the homicide and the alleged criminal act of their client."

The case of *Kelloy* v. *State,* supra, differs in its facts from the case at bar. In that case the accused had engaged counsel the day before the return of the indictment against him,—some in Atlanta and some in Macon. He was advised in advance by a member of the local bar, by direction of the court, that in the event he was indicted his case would be in order for trial at the adjourned term of court. The court was advised that he had employed counsel, and the solicitor-general, by direction of the court, advised counsel that the case against the accused would be called for trial on Thursday, September 16. Kelloy made a motion for a continuance based on the ground that he had not had time to obtain his witnesses, and that he desired the presence at his trial of several of his relatives, all of whom resided outside of the State. It will be seen that he was notified, even before he was indicted, that if he was indicted his case would be tried on September 16. He had the services of employed counsel for three days prior to the call of the case; and of course the absence of witnesses who were non-resident would at no time afford a ground for continuance, because the process of the court would not reach them. While one

of the grounds upon which the accused based his motion for a continuance was that he and his counsel had not had sufficient time to prepare for trial, he also moved for a continuance in order to obtain witnesses, and yet no list of witnesses had been furnished to the clerk and none subpœnaed by the accused. In overruling the motion the court stated that "if during the progress of the trial it develops that any witnesses wanted by the defendant are not present, I will suspend the trial to procure their attendance." In the case at bar, so far as appears from the record, the request for postponement was overruled and a jury stricken before counsel had had an opportunity of conferring with their client to ascertain whether he had or wanted any witnesses, although ample opportunity was given by the court for the subpœnaing of all witnesses if the counsel, by subsequent conferences with their client, could ascertain that he had witnesses and procure their attendance by nine o'clock a. m. the next morning.

Whether the defendant be guilty or not, or how guilty he may be, we think that undue haste in the administration of criminal law is quite as much to be condemned as unnecessary delay; that the learned trial judge attached too much weight to the subject of witnesses; and that, aside from the question of witnesses, his counsel should have been granted more time for preparation in order that the defendant might really have been accorded, in a life and death case, the benefit of counsel. As well said by Mr. Justice Crawford in *Jones* v. *State,* 65 *Ga.* 506, 508, "Such a responsibility, so suddenly cast upon a conscientious attorney, might well force him to ask indulgence for preparation, or that he might be spared the fearful risk of the conviction of his client on account of his inability to command, under the emergency upon him, such grounds of defense as the accused really had."

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., who dissent.*

GILBERT, J., dissenting. The indictment alleges that the accused killed Homer Fowler on February 19, 1927. The indictment was returned into court on February 22, 1927. On March 9 the case was called for trial; whereupon the defendant made a motion for "continuation." It is not clear just what were the grounds or the form of this motion. In the amended motion for new trial error is assigned upon the refusal to grant the "continuation,"

and upon the "overruling said motion for continuation." The grounds of the amended motion are: "1. That the court erred, as plaintiff in error contends, upon the call of said case in not granting a continuation, upon motion by counsel, for sufficient time within which to consult with the defendant and ascertain, if any, the material witnesses necessary for his defense. 2. That his honor further erred, as plaintiff in error contends, in overruling said motion for continuation, and ordered counsel for defendant to proceed immediately with the trial of said case, allowing defendant only time from the adjournment of the court late in the afternoon until early the next morning within which to prepare a defense for said case." If these grounds are to be considered as based on a motion to continue the case for the term, the same is obviously incomplete, and overruling it would not be error. Such motion does not purport to be based upon the Penal Code (1910), § 987, because it does not claim that any witness was absent; nor does it come within the terms of any of the subsequent sections of the Penal Code with reference to absence or illness of counsel. Moreover, the Penal Code, § 986, provides that "no continuance shall be granted in any of the courts which have a continuous session for thirty days or more, over the objection of the adverse party, where the cause for the same can be obviated by a postponement to a later day during the term." If the motion be considered as one for postponement, as the trial judge did consider it, then the unanimous decisions of this court, based on similar facts and therefore now binding, require an affirmance of the judgment. The order of the trial judge recites "that court recessed on March 9, 1927, at one o'clock p. m., after striking the jury in said case, and allowed counsel until 9 o'clock next morning to subpœna any witnesses they might deem necessary, placing bailiffs at their disposal for that purpose; and it not having appeared the following morning that any material witness was absent, and it not appearing now that any material witness was absent at said trial," the motion for new trial was overruled. It does not appear from the record that the accused was deprived of the testimony of any witness whatever by reason of the refusal to postpone; nor does it appear that there was any intricate matter of law or other question which counsel were unable to fully avail themselves of during the trial because of refusal to postpone. It ap-

pears that the accused had able and energetic counsel, and lost no right or benefit from the court's ruling.

In *Kelloy* v. *State,* 151 *Ga.* 551 (supra), this court held: "The time to be allowed counsel to prepare for trial is in the sound discretion of the trial judge; and his discretion will not be interfered with by this court, unless abused. No unusual or intricate matter of law or fact appearing, there was no abuse of discretion in overruling the motion for continuance upon the ground of want of time to prepare for trial." In that case the indictment was returned on September 14, 1920, four days after the homicide, and during an adjourned term of the court. The case was tried on September 16th, and a verdict of guilty was returned on the 17th. The accused had engaged counsel, however, at Macon where he was under arrest, on the 13th. He had made no effort to secure witnesses; and the court overruled his motion to continue, because there appeared nothing to be done in behalf of the accused during any interim. The court had ascertained before trial, by an attorney assigned to the accused, that he had no witnesses to subpœna and that he had already employed counsel. At the trial the accused said he had not had time to secure witnesses, but he had undertaken to subpœna none the court ascertained.

In *Waters* v. *State,* 158 *Ga.* 510 (123 S. E. 806), the *Kelloy* case was reaffirmed in a unanimous decision. There the accused was indicted, on January 14, 1924, for a murder committed on December 9, 1923. He was put on trial the day he was indicted, and three days later was convicted. Accused asked a continuance because counsel had not had time to confer with witnesses. The court proceeded until the jury was selected, stating counsel could have the balance of that day to confer with witnesses after selection of the jury. Accused's counsel did not contend he would then not have sufficient opportunity to confer with witnesses, nor did he indicate any matter of fact necessitating delay. This court held that the discretion of the trial judge in overruling a ground of the motion for new trial on this point would not be disturbed. There is even less reason or excuse in the present case for a reversal because of refusal to continue than there was in either of the two cases just referred to. I am authorized to say that Presiding Justice Beck concurs in this dissent.