PORCH *v.* FOSTER, Sheriff.

No. 18126. SUBMITTED FEBRUARY 10, 1953—DECIDED APRIL 14, 1953.

*Joseph S. Crespi,* for plaintiff in error.

*Paul Webb, Solicitor-General, Wm. E. Spence* and *Charlie O. Murphy,* contra.

HEAD, Justice. 1. The contentions made by the defendant in his application for the writ of habeas corpus were duly and fully set forth in grounds 4 and 5 of his amended motion for new trial, and these contentions were necessarily ruled upon adversely to the defendant on the former appearance of his case in this court. See *Porch* v. *State,* 207 *Ga.* 645 (1) (63 S. E. 2d, 902).

Counsel for the defendant insist that the provisions of the State and Federal Constitutions set forth in his writ of habeas corpus were violated on the trial of the defendant, in that they were allowed only fifteen or twenty minutes to confer with him before the trial.

This court has many times held that the constitutional guaranty of "benefit of counsel" amounts to nothing, if counsel for the accused are not allowed sufficient time to prepare his defense. See *Jones* v. *State,* 65 *Ga.* 506; *Blackman* v. *State,* 76 *Ga.* 288; *Sheppard* v. *State,* 165 *Ga.* 460 (141 S. E. 196); and *Edwards* v. *State,* 204 *Ga.* 384 (50 S. E. 2d; 10), where a number of the previous decisions of this court are cited.

If, in this case, counsel had only the interview of fifteen or twenty minutes, the complaint as to insufficient time would present an entirely different question. As shown by the statement of facts in *Porch* v. *State,* supra, his present counsel conferred with the defendant on September 21, and one of his attorneys was in Jasper (the venue of the alleged crime) on September 23, "working in regard to this case."

At the time the motion for continuance was made, there was no contention by counsel as to the absence of any witness favorable to the defendant (Code, § 81-1410), and there was no showing by counsel that they had used "due diligence" (Code, § 81-1416). On the former appearance of the defendant's case in this court, no attack was made upon his confession of guilt. No fact is alleged to have been discovered in the more than two years which intervened since his original trial which would even

tend to impeach his confession of guilt. On the trial of his case, the defendant undertook to cast some reflection upon the credibility of his confession, but there was nothing to show that the confession was not freely and voluntarily made without hope of reward or fear of punishment. The defendant's statement upon his trial placed him at the scene of the alleged crime, and in certain essential respects corroborated the testimony of the prosecutrix and the witnesses for the State. Upon the trial of his case, counsel for the defendant subjected the State's witnesses to a thorough and sifting cross-examination, which did not result in the discovery of any fact favorable to the defendant.

Under the record in this case, and the record in its former appearance before this court, it is not shown that the defendant was deprived of the benefit of counsel within the construction of this constitutional requirement under prior decisions of this court.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*