Jackson *v.* The State.

1. The use of the plural instead of the singular personal pronoun in a bill of indictment will not vitiate it.
2. Where, at the same term of the court at which an indictment for murder was found, a continuance was applied for on the ground that a material witness was absent, the showing as to him being such as the code, §3522, requires, and on the further ground that counsel employed and relied upon for the conduct and management of the case in all respects except as to making one address to the jury, had only upon the night before the continuance was applied for withdrawn from the case, and that associate counsel, employed alone to make an address to the jury, was unprepared for conducting the trial in any respect, and needed time to make the necessary preparation, it was not a sound exercise of the discretion of the court to deny the continuance without, at least, offering in lieu of it to postpone the trial for a reasonable time to afford opportunity for repairing the consequences of the sudden withdrawal of the counsel who had just abandoned the case.
3. It not appearing that evidence was objected to when offered and received, its admission is no cause for a new trial.
4. There being no evidence that the accused had rented the room in which he was when the homicide was committed, it was error to b ise a charge to the jury on that hypothesis.
5. Where, in a trial for murder, the evidence affords no indication of manslaughter, and would not on any view of the case warrant a verdict for that offence, it is not error for the court to decline to

instruct the jury on the law of manslaughter, but on the contrary, to instruct them that the accused is guilty of murder or nothing.

March 26, 1892. Argued at the last term.

Criminal law. Indictment. Continuance. Evidence. Practice. Charge of court. Before Judge ROBERTS. Wilcox superior court. March adjourned term, 1891.

Reported in the decision.

DeLACY & BISHOP and E. HERRMAN, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, and MARTIN & SMITH, contra.

LUMPKIN, Justice.

1. In preparing the indictment the names of three persons, John Jackson, Sam Curby and Ella Littlejohn, were originally written therein as the accused; but it would seem that before sending it to the grand jury the solicitor-general had erased the names of the two latter, leaving that of Jackson as the only person accused of the crime. A demurrer to the indictment complained that the personal pronouns "they, their and them" appeared throughout the indictment as referring to the party indicted, and that nowhere did the singular pronouns "he, his and him" appear as referring to the accused. The only particulars in which these recitals of the demurrer are sustained by the record are, that the names of Curby and Littlejohn are erased, and the word "their" instead of "his" is used in one place only, viz. in the concluding cause of the indictment. In the preceding portions, the word "his" is used in reference to the person indicted. The point raised by the demurrer is without merit. This would be true even if the plural pronouns had been used altogether as alleged and the singular ones had not been used at all. Code, §4, par. 4.

v 88-50

2. On the facts stated in the second head-note, the court ought either to have continued the case or granted the accused further time for preparing his defence. He was indicted for a crime involving his life: he had a material witness absent, and his showing for a continuance on this ground was complete; the counsel upon whom he relied for the conduct of his defence, except as to the making of one address to the jury, had withdrawn from his case only the night before, and the associate counsel, who had been employed only to address the jury, was unprepared to go on with the case. In our opinion the ends of justice will be subserved by another trial, at which the accused will, or should, be prepared to meet the State's case and submit all facts and matters of law necessary or proper to his defence.

3. This court has repeatedly ruled that objections to the admission of evidence will not be considered unless it appears what the objections were, and that they were made at the time the evidence was offered.

4. A portion of the charge of the court being based upon the hypothesis that the accused had rented the room in which he was when the homicide occurred, and there being no evidence to sustain this hypothesis, the charge was in this respect erroneous. In charging juries, courts should be careful not to give instructions upon theories which are not suggested by any testimony.

5. In a trial for murder the court should give in charge to the jury the law concerning every grade of homicide which, under the evidence, is applicable, but when it is plainly and manifestly a case either of murder or justifiable homicide, and in no view of the evidence, or the prisoner's statement, a verdict of manslaughter could be properly rendered, the court may instruct the jury that the accused is guilty of murder or nothing, but it would be better to say they would be authorized to find the accused guilty of murder, or acquit him.

*Judgment reversed.*