## NICK v. THE STATE.

1. Applications for continuances are, in all cases, addressed to the sound
   legal discretion of the court, and a judgment refusing to continue a
   case will not be reversed, unless it is made to appear that this discre-
   tion has been abused. No abuse of discretion has been made to ap-
   pear in the present case.

2. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

Argued June 17,—Decided July 9, 1907.

Indictment for murder. Before Judge Rawlings. Washington superior court. April 13, 1907.

The accused was charged with the offense of murder. He made a motion to continue the case. The showing for the continuance was made in the name of counsel appointed by the court to defend the accused. In the motion it was stated, that Messrs. G. H. Howard and J. L. Kent had been appointed as counsel for the accused late Monday afternoon; that the case was called for trial Tuesday, and that they had not had sufficient time to prepare the case for trial or to confer with the witnesses; that the indictment was not returned until Monday afternoon, and the accused was not arrested until Saturday morning preceding the convening of the court; that from investigation made, the evidence would develop that the deceased was killed at a negro party, where more than seventy-five persons had assembled; that the killing occurred at night, outside the house, and that many shots were fired by different parties, and that counsel did not know and could not, during the present session of court, interview those who were present, to ascertain who saw the shooting; that many saw it, and while all of the witnesses were not known, they will swear, if time is given to confer with them to ascertain who they are, that the accused did not fire the fatal shot; that it was impossible for them, under the circumstances, to do justice to their client, or to see that he had fair trial, such as is guaranteed under the constitution; that many of the witnesses the accused did not know, but according to the best of his information some of them were living in the county adjoining that in which the indictment was pending; that when counsel were appointed, they at once issued subpœnas for a large number of witnesses, the names of whom were furnished by the accused, some of whom lived in other counties, and it would be impossible for the officers to summon these witnesses during the present term of court; that if such witnesses were produced the accused would be able to prove that the killing was not done by him but by another; that counsel used all diligence possible under the circumstances; and that the motion was not made for delay, but in order to secure the testimony of these witnesses

at the next term. The court overruled the motion to continue, appointed a bailiff to assist counsel in procuring the witnesses desired, and passed the case until Thursday afternoon at two o'clock. Error is assigned upon this ruling.

When the case was called on Thursday afternoon another motion was made to continue the case, upon the grounds stated in the former motion, and upon the additional facts appearing in the statement made to the court by Mr. Kent, of counsel for the accused. The substance of Mr. Kent's statement was, that the bailiff had been endeavoring to find the witnesses, but was unable to do so; that they had not been able to obtain the witnesses for him; that the court had also appointed other counsel besides himself and Mr. Howard, and these had been excused by the court, and that the case should not be pressed to trial until other counsel were appointed in their place; that a number of the witnesses to the transaction lived in Johnson, Jefferson, and Washington counties, and possibly other counties in the State; that counsel had been unable to obtain these witnesses so as to interview them; that some of the witnesses for whom subpœnas had been issued the officer had not been able to find; that the bailiff made every effort to get these witnesses, but now gave the information that they were not there; that counsel had learned that one of the witnesses possibly did not get the subpœna, and that one lived in Jefferson county very near to the scene of the occurrence, and the accused informed counsel that he could prove by this witness that another man fired the fatal shot; that counsel did not know whether this witness could be brought at that term of the court, but that he had not been brought. The court overruled the motion to continue, and this ruling is assigned as error. The trial resulted in a verdict finding the accused guilty, and he was sentenced to death. The accused filed a motion for a new trial, which was overruled, and the accused excepted.

*Howard & Kent* and *J. K. Jordan,* for plaintiff in error.

*John C. Hart, attorney-general,* and *Alfred Herrington, solicitor-general,* contra.

COBB, P. J. (After stating the facts.)

1. Motions for continuance are addressed to the sound legal discretion of the court. This is the rule in all cases, including those where the accused is charged with a capital felony. The

constitution guarantees to every one charged with a crime the privilege and benefit of counsel. The constitutional guaranty amounts to nothing, unless the counsel selected by the accused or appointed by the court are given a reasonable time to ascertain what is the character of the case that the accused is called upon to defend. There is no rule fixing what is a reasonable time for such preparation. What is a reasonable time depends upon the general character of the case and the questions of law and fact involved therein. In the present case it appears from the showing made for a continuance that the only question involved was, who fired the fatal shot? That there was a homicide, and that this homicide was murder, seems not to have been an open question. The accused was present at the scene of the killing. It is true that there were a large number present. It does not appear that the accused was among strangers. It is manifest, from the terms of the showing, that he knew a number of these present, if not all of them. He furnished to his counsel the names of a number of those who were present, and subpœnas were issued for them, but, notwithstanding this, there does not appear in the showing for a continuance the name of a single witness whose presence at the trial was desired. The showing upon which it is based is very loose and irregular, being, in substance, that there were a number of persons present, and that counsel were not in a position to do the accused justice until they could have an opportunity to find out who of those present were witnesses to the homicide. In one portion of the showing it is stated that there was a witness living in another county who would testify that the accused did not fire the fatal shot; but the name of this witness was not disclosed to the court. If it had been, the court would probably have exercised its discretion and postponed the trial until a later date in the term, in order to have this witness brought into court. While it appears from the showing that counsel were not in a position to know who were the witnesses by whom the accused could establish that the homicide was committed by another, there is nothing in the showing to indicate why it was that the accused himself could not have given to counsel the names of those persons who actually witnessed the homicide. When the showing is considered in its entirety, there was no abuse of discretion shown. See, in this connection, *Hardy* v. *State,* 117 *Ga.* 40; *Thompson* v. *State,* 24

*Ga.* 297; *Bradley* v. *State,* 128 *Ga.* 20. That portion of the showing which complains that other counsel who had been appointed to assist in the defense of the accused were excused, and no others had been appointed to take their place, is not referred to in the brief of counsel; and this point will be treated as abandoned.

2. The motion for a new trial contains no other special grounds than the ones dealt with in the preceding portion of this opinion. The evidence amply authorized the verdict, and we see no reason for reversing the judgment.

<div align="center">

*Judgment affirmed. All the Justices concur.*