## RELIFORD *v.* THE STATE.

Counsel appointed by the court, to represent the accused on trial for his life, were allowed only ten minutes to confer before entering upon the trial, and after such conference announced to the court that they "had not had the proper time to prepare the defense," and for this reason they moved for a continuance to a subsequent adjourned term, which motion was overruled. The trial proceeded and terminated in a verdict of guilty, and the accused was sentenced to be hung. *Held,* that it was not a sound exercise of the discretion of the court to deny the continuance without, at least, offering in lieu of it to postpone the trial for a reasonable time to afford counsel opportunity to prepare the defense.

NOVEMBER 11, 1913.

Indictment for murder. Before Judge Frank Park. Liberty superior court. June 23, 1913.

*Ben A. Way, O. C. Darsey, S. B. Brewton,* and *H. H. Elders,* for plaintiff in error. *T. S. Felder, attorney-general,* and *N. J. Norman, solicitor-general,* contra.

FISH, C. J. On Tuesday, February 18, 1913, during the regular February term of the superior court of Liberty county, an indictment was found against Dorsey Reliford, charging him with the offense of murder, alleged to have been committed on October 30, 1912. The case was called for trial on Friday, February 21, 1913, at that term of the court. Upon the call of the case for trial Mr. Darsey, an attorney, stated to the court: that on the next preceding Friday "he was spoken to by defendant, and agreed to represent him, provided the defendant would employ James R. Thomas to assist him; that he [Darsey] had been recently admitted to the bar; that, this being his first appearance as an attorney, he did not feel authorized to take a case of that importance alone; that the defendant had failed to employ Mr. Thomas, not being able to arrange his fee; and that Mr. Thomas had returned to his home in another county." The court then appointed attorneys B. A. Way, S. B. Brewton, and H. H. Elders to assist Mr. Darsey, and gave them ten minutes in which to confer. After the consultation Mr. Way asked the court to continue the case until the May adjourned term, upon the ground "that [such counsel] had not had proper time to prepare the defense in a case where the person's life was at stake." The solicitor-general stated to the court, "that the defendant had been in jail about three and a half months before court convened,

and that it was not a bonded case and ought to be disposed of." The motion for a continuance was overruled. The trial was immediately entered upon, and a verdict of guilty was returned. One of the grounds of the motion made for new trial by the accused was that the court erred in refusing to continue the case upon the showing above set forth. A new trial was refused, and the accused excepted.

It is declared in our bill of rights (Civil Code, § 6361) that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel." This constitutional guaranty of "benefit of counsel" means something more than the mere appointment by the court of counsel to represent the accused. He is entitled to a reasonable time for preparation by such counsel to properly represent him on the trial. As was stated in *Blackman* v. *State*, 76 *Ga.* 288: "This constitutional privilege would amount to nothing if the counsel for the accused are not allowed sufficient time to prepare his defense." To the same effect see *Jones* v. *State*, 65 *Ga.* 506; *Jackson* v. *State*, 88 *Ga.* 784 (15 S. E. 677); *McArver* v. *State*, 114 *Ga.* 514 (40 S. E. 779); *Nick* v. *State*, 128 *Ga.* 573 (58 S. E. 48); *Harris* v. *State*, 119 *Ga.* 114 (45 S. E. 973). As was said in the case last cited: "Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes. The law vests the determination of questions relating to the time of trial in the discretion of the trial judges; and this court will not interfere with their rulings on the subject, unless it is manifest that there has been an abuse of discretion." In the case at bar the accused had endeavored to employ counsel on Friday before the court convened on the following Monday, but, on account of inability to arrange fees, had not succeeded. The indictment was found on Tuesday; the case was called for trial on the following Friday. The accused had no counsel, as Mr. Darsey was unwilling to represent him without the aid of more experienced counsel. The court appointed three other attorneys to assist Mr. Darsey in representing the accused, announcing that he would give them ten minutes in which to confer. After consultation within this brief period allowed by the court, counsel announced that they had not been able to prepare for the defense within the time allowed, and asked for a continuance until an adjourned term. We know of

no case where so short a time for preparation of the trial of a case of any description was allowed by the court; and without considering the merits of this case, we have no hesitancy in ruling that it was not a sound exercise of the discretion of the court to deny the continuance without, in lieu of it, at least offering to postpone the trial for a reasonable time to afford opportunity to counsel for preparation for the trial. We are constrained, therefore, to reverse the judgment on the ground that the court erred in refusing a new trial.                    *Judgment reversed. All the Justices concur.*