20579.   SMITH *v*. THE STATE.

ARGUED SEPTEMBER 16, 1959—DECIDED OCTOBER 9, 1959.

*Dan Copland, Phillip Slotin,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General, J. Walter LeCraw,* contra.

ALMAND, Justice.   Melvin Lewis Smith, on his trial on an indictment charging him with the rape of a named female, on March 25, 1959, was found guilty without a recommendation of mercy and sentenced to death.   His motion for new trial on the general and amended grounds was denied.   Error is assigned on this order.

Special ground 2 of the amended motion is as follows: "Because the court erred in refusing to grant a continuance or postponement on account of withdrawal of attorneys for movant at the call of the case.   Before the issues were joined, the following occurred:

"By Mr. Copeland: My other motion is, Mr. Phillip Slotin and I have not been compensated in any manner for the trial of this case, and there is an appointed attorney, Mr. Bill Tapp, and he and I both would ask the court to allow us to withdraw from the case.

"By the Court: Is Mr. Tapp here?

"By Mr. Copeland: He was called a few minutes ago and is on his way.

"By the Court: I will hold it until he gets here.

"Mr. Tapp: (Approaching the bench) Your Honor, I am not

prepared in this case because I thought Mr. Copeland and Mr. Slotin were representing the defendant, and I also thought that I had been discharged and relieved from this case. (The Court took a short recess and retired to the Court's chambers, with Mr. Dan Copeland and Mr. Phillip Slotin and Mr. William Tapp and Mr. Frank French for a conference, and the following is substantially what transpired in said conference:)

"Mr. Copeland stated to the Court that he and Mr. Slotin had spent three days trying this case the first time. These people had promised to pay but up until now they have not paid us anything except $40, and that he had already incurred an expense of $95 in obtaining from the court reporter a transcript of testimony of some of the witnesses who testified upon the first trial of the case which terminated in a mistrial.

"Mr. Tapp stated to the Court that he could not adequately represent the defendant at said time, that after Mr. Copeland and Mr. Slotin came into the case that he thought that he had been discharged as the appointed attorney. He stated that he was not in any way prepared and that he hadn't even looked at the file since the first trial. That when he first went out to investigate the case all of the witnesses told him that they had been instructed by Mr. Copeland not to talk to anyone. He stated that if he had to try the case that he would need a continuance for time in which to get prepared. The court asked him if he had not represented the defendant along with Mr. Copeland and Mr. Slotin during the first trial of the case and if he had not been present and heard all the testimony of the witnesses at the first trial and he stated that he had been present and represented the defendant along with Mr. Copeland and Mr. Slotin and heard the testimony in the former trial. The Court asked him if he had been discharged or relieved by the court and he stated that he had not been discharged or relieved by the court.

"The Court asked Mr. Copeland why he could not represent the defendant as he seemed to know more about the case than anyone else. Mr. Copeland stated that was too much of a burden as he didn't think he should be required to try the case when he had not been paid a fee. The Court stated to Mr. Copeland that he could discharge Mr. Tapp if he wanted to

be discharged and appoint him, Mr. Copeland, to represent the defendant and could allow him a fee for his services in representing the defendant in such cases as provided by law. Whereupon Mr. Copeland stated that it was too much of a burden to bear for $150, and that he had told him what his fee would be and they had not paid him and I don't think the Court should force me to try this case.

"He further stated that he had always in the past co-operated with the courts in many appointed cases, but that this was a long hard case and he hadn't been compensated and I don't think I ought to be made to try it.

"Whereupon the Court stated to him and Mr. Slotin whether they did or did not withdraw from the case was a matter for them to determine.

"Mr. French and the Court stated that Mr. Copeland and Mr. Slotin had always co-operated with the Court in accepting representations of defendants who through their poverty were unable to employ and pay an attorney.

"Thereupon Mr. Slotin stated to the Court, 'Your Honor, how about continuing this case to give Mr .Tapp time to prepare it?'

"The Court stated that he was not going to continue the case in the absence of a legal showing, it has been pending long enough and already been checked once. Mr. Tapp was originally appointed by the Court and should have been ready. He was never discharged or released from his duty by the Court.

"Mr. Slotin then remarked, 'What about our motion to continue because of the absence of the witness?'

"The Court stated he had already ruled on that. Mr. Tapp stated that if the Court thought he ought to represent the defendant that he would go ahead and represent him. Mr. Tapp stated that if he represented the defendant that he wanted a few minutes to examine the file in the case. Whereupon the Court told him to take a few minutes, and then he stated, 'Let's proceed with the case.'

"Whereupon Mr. Copeland and Mr. Slotin left the courtroom and did not represent the defendant in the trial of the case.

"Whereupon the case proceeded to trial."

As a part of this ground was an affidavit of Mr. Tapp. He

deposed that he was appointed by the court to represent the defendant in January, 1959; being informed that Mr. Copeland and Mr. Slotin represented the defendant, he made no attempt to investigate the case; on the first trial he sat through the case but did not participate in it; he dismissed further consideration of the case from his mind; on May 24, 1959, he was notified by Judge Andrews that attorneys Copeland and Slotin had withdrawn from the case, and that he, Tapp, would have to represent the defendant; he informed the court that he was unprepared to represent him; his motion for a continuance for time in which to get prepared was denied, and he was given about five minutes before the defendant was put on trial, and because of lack of preparation he was unable to use any witnesses and relied only on the defendant's statement.

The State made no counter-showing. It is contended that the refusal to continue or postpone the trial abridged the defendant's right to have the benefit of counsel guaranteed to him by Art. 1, Sec. 1, Pars. 3 and 5 of the Constitution of Georgia (Code, Ann. §§ 2-103, 2-105), and by the 14th Amendment to the Federal Constitution.

In the refusal of the court to continue or postpone the trial of the case to afford appointed counsel time to prepare for trial, the court committed error. As has been several times said by this court, the constitutional guaranty of benefit of counsel to one charged with an offense against the laws of this State means something more than the mere appointment—such counsel is entitled to a reasonable time to prepare his defense properly. *Reliford* v. *State,* 140 *Ga.* 777 (79 S. E. 1128); *Edwards* v. *State,* 204 *Ga.* 384 (50 S. E. 2d 10).

The factual situation here is very much like that in *Jones* v. *State,* 65 *Ga.* 506. There, on the call of the case, counsel for the defendant, who was charged with murder, withdrew from the case. The court appointed two lawyers, who by appointment had represented the defendant at the commitment hearing, to represent the defendant. The counsel formerly employed by the defendant agreed to assist the appointed counsel in the trial of the case. Appointed counsel stated to the court that they were unwilling to proceed because of their lack of time to pre-

pare for trial. This court held that counsel should have been granted sufficient time to consider and consult "as to what might be done to defend a man in such extremity." See also *Jackson* v. *State,* 88 *Ga.* 784 (15 S. E. 677); *Sheppard* v. *State,* 165 *Ga.* 460 (1) (141 S. E. 196).

The recital of facts in this ground shows that Mr. Tapp was wholly unprepared to proceed with the trial. He should have been granted a reasonable length of time to prepare for trial, and the allowance of only a few minutes was an abuse of the court's discretion.

■ There being admitted in evidence without objection, testimony that the defendant after his arrest admitted that he had been in the apartment of the woman named in the indictment on the day the rape was alleged to have taken place, where with her consent he had sexual relations with her, the charge of the court, complained of in ground 5, on the law relating to admissions was not error.

■ Ground 1 assigns error on the refusal to continue the case because of an absent witness. Ground 3 assigns error on a named attorney participating in a part of the trial of the case in behalf of the defendant, and ground 4 on the refusal to grant a new trial because of newly discovered evidence. Since our ruling in division 1 requires the grant of a new trial, and the matters complained of will not likely occur on another trial, they will not be passed on.

The court erred in not granting a new trial.

This case presents a situation between counsel and client and between attorney and court that requires comment. Counsel for the defendant on the motion for new trial and now prosecuting this appeal, on the call of the case for trial in the court below, appeared as the defendant's counsel. After the court had denied their motion to continue the case on account of an absent witness, they announced to the court their withdrawal from the case because the defendant had failed to compensate them fully for their services.

They were under a duty to their client and to the court, if they intended to withdraw, to announce their withdrawal at the call of the case. Their withdrawal after the beginning of the

trial for reasons known before the inception thereof, indicates a lack of responsibility to the court and to their client, and is neither to be approved nor commended.

*Judgment reversed. All the Justices concur, except Candler, J., who dissents.*