25662. SMITH, Warden v. GREEK.

ARGUED APRIL 15, 1970—DECIDED MAY 7, 1970.

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General, B. Daniel Dubberly, Jr., Dorothy T. Beasley, Deputy Assistant Attorneys General,* for appellant.

*Hendrix & Lee,* for appellee.

ALMAND, Chief Justice. This appeal is from an order setting aside the conviction and sentence of petitioner George W. Greek, in a habeas corpus proceeding.

Greek, in his petition for the writ, filed in Tattnall Superior Court, alleged that Smith, Warden of Georgia State Prison, was illegally detaining him by reason of a sentence imposed upon him on July 27, 1968, for a term of 18 years under an indictment in Ware Superior Court charging him with the offense of burglary. He alleged that the conviction and sentence were illegal and void because, (a) no notice of arraignment as required by *Code Ann.* § 27-1401 was served upon him or his counsel prior to the date of arraignment, and (b) the denial by the trial judge of his motion for a postponement or a continuance of the case denied him a fair trial and benefit of counsel, contrary to stated provisions of the Federal and State Constitutions.

The warden's response denied the material allegations of the complaint.

On the hearing, a copy of the transcript of the proceedings of the trial of Greek in Ware Superior Court was introduced in evidence. The trial judge also heard oral testimony from Greek, his attorney, Hendrix, his former attorney, M. C. Pritchard, and from the respondent's witnesses.

At the conclusion of the hearing the trial judge entered his findings of fact, one of them being: "However, accused is entitled to the assistance of counsel at every critical stage in a criminal prosecution. A critical stage in a criminal prosecution is one in which a defendant's rights may be lost, defenses waived, privileges claimed or waived or one in which the outcome of the case is substantially affected in some other way. The testimony in this case shows, by Mr. Hendrix, that petitioner was not adequately and ably represented due to the short period of time in which he had to prepare for trial and due to his physical disability. This is borne out by petitioner's first attorney, Mr. Pritchard, who stated, on page 14 of the transcript of this trial that, *'Uh, in my opinion, no, he was not granted a fair trial at that time. No.'*

"The Federal courts and the Supreme Court of Georgia have held that defendants are entitled to *effective* assistance of counsel. The facts in this case indicate that petitioner had the assistance of counsel in name only, which the courts have held is not sufficient representation, as contemplated by our laws."

For reasons that follow we affirm.

314

The facts as they appear from the record of Greek's trial and the oral testimony on the habeas corpus hearing are: After Greek's arrest in June, 1968, he employed M. C. Pritchard, an attorney, to represent him. After his indictment in July, on the charge of burglary, Pritchard was notified by the prosecuting attorney that Greek would be arraigned on July 24. Pritchard appeared with Greek at that time, but Greek was not arraigned on that date. At that time, Pritchard informed the court that he was withdrawing from the case because his fee had not been paid. Pritchard suggested to the court that Greek's arraignment be postponed until he could engage another lawyer. The trial court informed Greek to be ready for trial on the next day, July 25. The record shows that on Saturday afternoon, July 27, the case of the State of Georgia versus Greek was called and the following took place:

"Mr. Hayes: Your Honor, I call the case of the State of Georgia versus John Allen Pittman and George Wayne Greek. The State announces ready and the plea has been signed. The Court: All right. Mr. Hendrix: The defense announces not ready, Your Honor, and requests the Court for a postponement until later this term, based on a number of grounds. I would like to set out whatever your Honor prefers me to set out for the purpose of the record. The Court: If you're making a motion now is the time to set it out. Mr. Hendrix: Your Honor, I ask for a continuance of this case. On Wednesday afternoon, I believe, there was a long-distance telephone call to us from, I think Jacksonville. I'm speaking from memory. Jacksonville, Florida, I believe. He asked me would I consider taking the case, and he said he could borrow some money, and so on and so forth, and I told him to get his money up and come to my office, and he said he had to have a lawyer by in the morning, and I told him I felt certain I couldn't be prepared by in the morning, the next day, but to get his money and come to my office and I would meet him early Thursday morning. That was the last I heard of Mr. Greek or Mr. Pittman until Thursday afternoon sometime after lunch, and before 5 o'clock I had a call from Officer Davis of the Glynn County Police Department who advised me to go out to the hospital in regard to Mr. Greek and Mr. Pitt-

man on a bench warrant that had been issued out of your court, and that Mr. Pittman and Mr. Greek had requested that I come up there and talk with them, which I did as quick as I could get away from my office. After talking with them and getting my fee they told me about the case. I had to go to Jesup the next morning to await the trial of a case that had been pending for two weeks over there, and I was over there in Jesup until approximately 3 or 4 o'clock yesterday afternoon in Judge Ballenger's court and discovered upon my return to Brunswick that my clients had been taken out of the hospital and brought over to Ware County to the Ware County jail. I discovered this after 7 o'clock yesterday. When I got home there was a message to call Mrs. Greek, this defendant's mother. Due to the hour, about 11 o'clock, I did not call her. I had intended to come over here to discuss this matter with Your Honor and with the solicitor at your convenience, and was under the impression that yesterday was the last day of your criminal session of Superior Court. In any event, Sheriff Lee informed me this morning after I had gotten to my office, and it was around 9 or 9:30, that you expected me over here for trial. I had no time, Your Honor, to make any preparation or investigation or research or what have you. As a matter of fact, I was under the impression that the charge was breaking and entering, when, in fact, they were being charged with burglary. I'm not prepared to defend my clients' interests, due to not having—The Court, interposing: Didn't you tell me this morning over the 'phone that you knew they were charged with burglary? Mr. Hendrix: No, sir; I—The Court: Yes, you did. Mr. Hendrix: Your Honor—The Court: Yes, you did. You said the only thing you knew was that they were charged with burglary. Mr. Hendrix: Well, Your Honor, what I meant to say was I thought they were charged with breaking and entering, and I have just discovered they were charged with burglary. I found that out just this moment here today. However, I am totally unprepared. I have not had reasonable time, or any time, to prepare the case, and I respectfully request the Court to grant a postponement. If that's not possible, Your Honor, I respectfully request the Court to grant a motion for continuance based on my not being pre-

pared. The second ground for this motion, Your Honor, is that I've been under a doctor's care all the week, and I do have a doctor's certificate. However, I am able physically, but I don't feel that I would be operating at my best under the circumstances due to an injury I received last week, and my doctor did advise me to stay off of my feet for—I could not say how long. He put it in statement form and I do not have it. I will state that I will defend my clients. On those two grounds, Your Honor, I request the Court for a postponement, if possible, and, in the alternative, if that's not possible, then I ask for a continuance. The Court: When you took this case you knew that court was in session didn't you? Mr. Hendrix: I didn't know Ware County court was in session. The Court: These fellows didn't tell you they were supposed to be here the next morning? Mr. Hendrix: They did. I asked them, 'What are you held for?' He said, 'Well, I don't know.' I says, 'Have you been arraigned?' He said, no, he hadn't been arraigned. I assumed they were going to arraign them. The Court: You took this case knowing you had a case in Jesup, didn't you? Mr. Hendrix: Yes, sir. The Court: You took this case knowing they had had counsel before, didn't you? Mr. Hendrix: Yes, sir. I called counsel who represented these two defendants over here and asked him if he was off of the case like they had told me before I came over. I knew they couldn't be here today because they were in the hospital, and was advised that they were in the hospital. The Court: I am going to deny the motion, and I want to tell you, court started this morning, and it is your responsibility to find out. Now, you knew court was in session. This is the term of court. If you didn't know it, it is your responsibility to know it. If you represent a case in this court it's your responsibility to know it. If you represent a case in this court it's your responsibility to know when court is in session. Mr. Hendrix: Yes, sir. The Court: The most elementary lesson that a lawyer learns—I'm talking about a neophyte lawyer—the first thing he learns is that when he has a case and court is in session he is to be there. Now, you were just exactly three hours late this morning. Now, we will talk about that later after the case. All right. Mr. Hendrix: You deny the motion, Your Honor? The Court: Yes, I do."

This court has reviewed many criminal cases involving the refusal to continue or postpone the trial of a case on the showing that counsel for the defendant was unprepared to adequately represent the defendant. In *Jackson v. State,* 88 Ga. 784 (2), (15 SE 677) it was held that the withdrawal of counsel immediately before trial so as to leave the defendant unprepared for trial is ground for continuance. In *McArver v. State,* 114 Ga. 514 (40 SE 779), the defendant under an indictment for burglary had employed a lawyer to represent him at his commitment hearing, and relied upon him to represent him on his trial. When the case was called for trial, his counsel withdrew from the case and the court appointed counsel for him, who moved for a postponement because of his being unprepared. The court denied his motion and the trial proceeded. In setting aside his conviction and holding that the defendant was entitled to a new trial because of the court's refusal to continue the case, this court said: "When the counsel upon whom he relied disavowed any connection with his case, the accused still had a right, not only to have counsel, but also the benefit of counsel; and the denial of the postponement of the trial until the attendance of the witnesses at his instance could be secured, and proper preparation made, was, in effect, a denial of that right." P. 517.

For other cases upon similar facts and rulings see: *Jones v. State,* 65 Ga. 506; *Jackson v. State,* 88 Ga. 784 (15 SE 677); *Sheppard v. State,* 165 Ga. 460 (1) (141 SE 196); *Smith v. State,* 215 Ga. 362 (1) (110 SE2d 635).

"Undue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes." *Harris v. State,* 119 Ga. 114 (45 SE 973).

Benefit of counsel guaranteed by Article I, Section I, Paragraph V of the Constitution (*Code Ann.* § 2-105), is not satisfied merely by the defendant being represented by counsel on his trial, but his counsel is entitled to a reasonable time after his employment to prepare for his defense in order that he may adequately and effectively represent his client. The finding of the trial judge that Greek did not have the benefit of effective counsel in his trial by reason of the failure of the court to con-

tinue on the ground that counsel was unprepared, is supported by the evidence.

*Judgment affirmed.  All the Justices concur.*