## 30958. REID et al. v. THE STATE.

JORDAN, Justice.

This is an appeal by two brothers from convictions of armed robbery and sentences of twenty years each.

The evidence at trial shows that on the afternoon of August 14, 1975, the Buz Lee Grocery Store near Statesboro, Georgia was robbed at gunpoint by two men of $370.00 in currency and checks. The sheriff's department issued a lookout for a car which had been seen parked near the store just prior to the robbery. In a short time the car was located at a local fishing area a few miles from the store. Officers arrested appellants and took into custody checks found at the arrest scene, which were later identified as those taken in the robbery. On the evening of the arrest, the appellants were read their constitutional rights under Miranda, at which time both denied any knowledge of the robbery. The next morning each appellant was separately taken back to the scene of the arrest, where Johnny Reid showed authorities where a .25 caliber pistol and $165 in cash were hidden and Henry Reid retrieved $150 in cash. That afternoon, after again being read their rights under Miranda, both appellants made statements admitting their participation in the robbery.

1. The state files a motion to dismiss on two grounds: (1) there is presently pending before the trial court a motion for new trial; (2) appellant failed to file the transcript of evidence within the 30 days prescribed by Code Ann. § 6-806.

Supplemental briefs requested by this court show that at trial appellants were represented by appointed counsel and that after trial appellants, unknown to their appointed counsel, retained other counsel for appeal. On September 19, 1975, retained counsel filed a notice of appeal. Thereafter, on September 22, 1975, appointed counsel, without knowledge of his replacement, filed a motion for new trial in the trial court. The motion for new trial was filed without the authority of appellants and at the time they had retained counsel. Under such facts this appeal will be considered.

As to ground 2 of the motion, no objection and ruling

was invoked in the trial court and this ground is deemed waived. See Rule 11 (c) of this court.

The motion to dismiss is denied.

2. In their first enumeration of error appellants complain that the trial proceeded much too swiftly preventing them from obtaining retained counsel of their choice, and that the trial court arbitrarily denied their motion for a continuance.

Appellants were arrested on August 14, 1975, and tried eleven days later on August 25, 1975. On the first day of the trial the following colloquy occurred between the trial judge and the appellant's appointed counsel: "Mr. Bacon: 'If Your Honor please a firm of attorneys in Atlanta has called me two or three times on this case, and stated they wanted to get into it, and asked me to prevail on the Court to hold it up until they could get into it. Now I understand from the District Attorney the same people have contacted him and had told him since they understood the circumstances maybe they would not come into it, but they haven't told me that.' The Court: 'I can't practice the law over the telephone with any Atlanta lawyers. We already have a very fine lawyer representing the defendants, and I'm going to ask you to continue to do so.' Mr. Bacon: 'All right sir we are ready then.' The Court: 'What announcement for the defendants?' Mr. Bacon: 'We are ready.' " The trial then proceeded.

The Constitution of Georgia, Art. I, Sec. I., Par. V (Code Ann. § 2-105) has been interpreted to confer upon every criminal defendant the right to be represented "by counsel of his own selection whenever he is able and willing to employ an attorney and uses reasonable diligence to obtain his services." *Long v. State,* 119 Ga. App. 82, 83 (166 SE2d 365) (1969). Also see *Delk v. State,* 100 Ga. 61 (27 SE 152) (1896). The federal courts have adopted a similar rule, holding that the facts of a particular case determine whether or not the denial of a request for continuance to obtain counsel is a violation of an accused's Sixth Amendment guarantee. United States v. Casey, 480 F2d 151 (5th Cir. 1973).

In *Long v. State,* supra, the defendant stated in court that he had retained an attorney who had agreed to represent him but who was not in court. An associate of

the retained attorney who had made an appearance for the accused at a pre-trial conference to move for a continuance was unprepared to try the case when the trial court denied his motion and immediately called the case for trial. The Court of Appeals held that where it was made clear that the defendant had selected and employed counsel, who was not present, but whose whereabouts were known and who may have been reasonably available, the accused cannot be forced to go to trial with what amounted to appointed counsel.

The record and transcript sub judice does not show a reasonable diligence on appellants' part to retain counsel, or on the part of alleged retained counsel, if indeed retained, to make such fact known to the trial court. There was no showing by appointed counsel or appellant that counsel had been employed, nor was the identity or whereabouts of the alleged counsel revealed or when such counsel might be available for trial. The colloquy between the court and appointed counsel shows an uncertainty by appointed counsel as to whether other counsel had actually been retained, and only suggested the mere possibility of their employment. These facts do not display the diligence by appellant or his alleged retained counsel which is contemplated by the Georgia Constitution or the Sixth Amendment, and is not sufficient to show an abuse of discretion by the trial court in proceeding with the trial.

Appellants further contend for the first time on appeal that they were not given adequate time to prepare their defense and that the trial court abused its discretion by refusing a continuance. No contention is made by appellant here or by his counsel at trial that counsel had not had sufficient time to prepare a defense. In cases where this court has held the trial court to have erred in refusing to grant a continuance, the defense counsel moved for a continuance on the ground of insufficient time to prepare a defense. See *Smith v. Greek,* 226 Ga. 312 (175 SE2d 1) (1970) and *Smith v. State,* 215 Ga. 362 (110 SE2d 635) (1959).

The record shows that counsel was appointed at appellants' commitment hearing on August 16, 1975; the trial was conducted August 25, 1975. Appointed counsel never contended that he was unprepared, nor did he move

for a continuance on that ground. The mere fact that the trial proceeded nine days after the counsel's appointment does not necessarily show that counsel was unprepared.

3. During the trial and in the presence of the jury the following statement was made by the district attorney: "If it please the Court as State's Exhibit No. 4 we would introduce into evidence the first money that was recovered by I believe it was Agent Oxford. Money stolen from the robbery and it was surrendered to the Sheriff here and kept in his custody until brought into Court today. It is cash money we would like to describe this money for the benefit of the record and at this time return it to its rightful owner." The court then asked defense counsel if there were any objections, to which he replied, "No, sir." Appellants now contend that such conduct was highly prejudicial and precluded the jury from rendering an objective and unbiased verdict.

We are unable to see how this statement could have been harmful considering the overwhelming evidence of guilt in this case. The automobile which the appellants were in possession of when arrested was seen near the store moments before the robbery. Checks taken in the robbery were found at the scene of the arrest. Furthermore, appellants made statements admitting their part in the robbery and led officials to the stolen money and the pistol used in the robbery. The appellants neither presented a case nor established a defense.

Moreover, the appellants' counsel made no objection to the district attorney's statement, or moved for a mistrial.

We find no merit in appellants' third enumeration.

4. Appellants contend that the trial court erred in admitting testimony concerning their respective confessions.

The transcript shows that appellants never objected to the admission of their confessions. Regardless, the state laid a careful foundation establishing the voluntariness of the confessions.

The enumeration is not now reviewable.

5. The state's evidence was more than sufficient to sustain the guilty verdicts.

Lastly, the appellants contend that the jury's verdict

was insufficient, and that the trial court erred in conforming the verdict on its own motion.

Both appellants were tried at the same trial, and in his charge the judge instructed the jury that they could find both defendants not guilty or guilty, or find any one defendant guilty and the other not guilty. The jury returned the verdict on a printed form which included the singular word "defendant." Therefore, the verdict read: "We the jury find the defendant guilty." The trial judge asked the foreman if the jury meant to find both defendants guilty, to which he replied affirmatively. The judge then asked defense counsel if he had any objections to conforming the verdict to read "defendants." Counsel stated no objections. The judge simply conformed the verdict to the intentions of the jury, which he has the authority to do. *Conroy v. State,* 231 Ga. 472 (202 SE2d 398) (1973); *Sullivan v. State,* 9 Ga. App. 377 (115 SE 190) (1923).

We find no error.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED MARCH 22, 1976 — DECIDED JUNE 22, 1976.

*Hardigg & Hardigg, Glenda Hardigg,* for appellants.

*J. Lane Johnston, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.